UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL HANNON,
    Plaintiff,

    v.

CHIEF PUBLIC DEFENDER, *et al.*,
    Defendants.

No. 3:15-cv-00418 (JAM)

## ORDER DISMISSING COMPLAINT

Plaintiff Michael Hannon is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* seeking relief under 42 U.S.C. § 1983. In essence, his complaint alleges that defendants—attorneys, state and federal judges, judicial clerk's office staff, and others—have engaged in a massive conspiracy to deny plaintiff effective counsel and otherwise impede plaintiff's defense in a state criminal case and his claims in related habeas cases. Because plaintiff's claims are frivolous and implausible, I will dismiss the complaint pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

Plaintiff's complaint names the following defendants: the chief public defender, the director of the office of assigned counsel (John Day), two attorneys (William Aosit and Christopher Duby), six Connecticut state judges (Judges Bright, Fuger, Pellegrino, White, Kaplan, and Clifford), a federal judge (Judge Covello) and two members of the clerk's office in the Connecticut Superior Court for the judicial district of Tolland (the chief clerk and an employee named William Salvatore).

Plaintiff's lengthy handwritten complaint is hardly a model of clarity. As best I can tell, it

1

alleges the following. Plaintiff was charged with first degree manslaughter and other charges, and a state court jury found him guilty of these offenses. Plaintiff appealed the conviction, but did not succeed in any of his claims on direct appeal. Additionally, plaintiff has raised state and federal habeas claims challenging his conviction. These claims, too, have failed. Throughout these proceedings, plaintiff has been represented by numerous attorneys (both public defenders and appointed private counsel), some of whom are named as defendants in this case, and his various cases have been on the dockets of numerous state judges and at least one federal judge.

Plaintiff generally alleges that all these actors are engaged in a conspiracy to deny plaintiff his right to adequate, conflict-free legal representation and to prevent him from uncovering facts that would prove his innocence. According to plaintiff, "every lawyer and every judge" involved in his cases has "aided the conspiracy and has prevented the development of facts to uncover that [the victim]'s death was the result of gross medical negligence." Doc. #1 at 17. Moreover, defendants have "intentionally denied [plaintiff] effective assistance of counsel and justice as a result of [their] conflict[s] of interest." *Ibid.* Plaintiff seeks declaratory and injunctive relief.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must conduct an initial review of prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well established

that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*) (quoting *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In light of this governing law, I easily conclude that plaintiff's complaint must be dismissed. Plaintiff's claims against the various state judges and one federal judge—for actions undertaken concerning cases pending before them—are plainly barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*). And it does not matter for immunity purposes that plaintiff here is seeking injunctive and declaratory relief—rather than money damages—because judges are immune from such claims under section 1983. *See Huminski v. Corsones*, 396 F.3d 53, 74–75 (2d Cir. 2005).

The claims against members of a state court clerk's office fail for similar reasons. Even a defendant who is not actually a judge has judicial immunity for claims against them that stem from their participation in judicial or judge-like functions. *See, e.g.*, *Root v. Liston*, 444 F.3d 127, 131 (2d Cir. 2006). Here, plaintiff's allegations against the clerk's office defendants relate entirely to their handling of plaintiff's cases as staff members in the state court. Accordingly, judicial immunity extends to them and bars plaintiff's claims. *See Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (clerk of court has absolute immunity from claim that clerk failed to properly manage the court calendar and bring plaintiff's case to fruition because "[a] court's inherent power to control its docket is part of its function of resolving disputes between the parties" and "[t]his is a function for which judges and their supporting staff are afforded absolute immunity").

Plaintiff's complaints against the lawyers who have handled his cases also fail because these individuals did not act under color of law when they represented plaintiff. A section 1983 action can only succeed where the defendant acted under the color of law. *See* 42 U.S.C. § 1983. It is well established that a public defender or any other lawyer does not act under color of law merely by representing a client in a judicial proceeding. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, plaintiff's claims against his lawyers must be dismissed.

To the extent that plaintiff asserts claims against other actors such as the chief public defender and the director of the office of assigned counsel, those claims also fail because the complaint is devoid of any facts plausibly indicating that these actors are responsible for any constitutional tort.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 31st day of July 2015.

        /s/ *Jeffrey Alker Meyer*
        Jeffrey Alker Meyer
        United States District Judge